# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0482V
UNPUBLISHED

| | |
|---|---|
| TONY LEE VERNON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, *for Petitioner.*

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, *for Respondent.*

## RULING ON ENTITLEMENT[1]

      On January 11, 2021, Tony Lee Vernon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving the influenza vaccine on October 31, 2019. Petition at ¶¶ 2, 10(a). In the alternative, he alleges that his shoulder injury was caused by the flu vaccine. *Id.* at ¶¶ 10(a)-(b). Petitioner further alleges that he received the vaccine within the United States, that he suffered the residual effects of his injury for more than six months, and that neither he nor any other party has filed a civil action or received compensation for his injury. *Id.* at ¶¶ 2, 6-7, 10(c). The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 30, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "that [P]etitioner has satisfied the criteria set forth om the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA". *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master